**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

FERNANDO STAPLE,

    Plaintiff,

v.                                CASE NO.: 0:20-cv-62313

THE SCHOOL BOARD OF BROWARD COUNTY, FLORIDA,

    Defendant.

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**COMES NOW** the Plaintiff, FERNANDO STAPLE ("Plaintiff"), by and through his undersigned counsel, and by way of this Complaint seeks relief against Defendant, THE SCHOOL BOARD OF BROWARD COUNTY, FLORIDA ("Defendant") for violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"), the Florida Civil Rights Act of 1992, Florida Statutes §§ 760.01-760.11 (the "FCRA"), and the Florida Religious Freedom Restoration Act of 1998, Florida Statutes §§ 761.01-761.05 ("FRFRA").  In support thereof, Plaintiff states as follows:

**PARTIES, JURISDICTION AND VENUE**

1. Plaintiff Fernando Staple, is an adult male who is a citizen of and resides in Lauderhill, Broward County, Florida.  At all times relevant herein, Plaintiff has lived in Broward County, Florida.

2. Defendant, The School Board of Broward County, Florida, is the public school district in Broward County, Florida.  Broward County Public Schools is the second largest school district in Florida and the sixth largest in the United States of America. Defendant is, and has been, a covered employer within the meaning of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e(b) and the FCRA, at all times relevant to this Complaint

3. Plaintiff was an employee of Defendant within the meaning of 42 U.S.C. §2000e(f) and the FCRA from August 1991 until June 2017, and subsequently from July 2018 to the present date.

4. This Court has jurisdiction over this case pursuant to 28 U.S.C. §1331, 28 U.S.C. §1343, 28 U.S.C. §1367, 42 U.S.C. §2000e(5)(f)(3), and Florida Statutes §§ 760.11 and 761.03-761.04.

5. A substantial part of the acts complained of herein occurred primarily in Broward County, Florida.  Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c).

## FACTUAL BACKGROUND

6. Plaintiff was hired by Defendant in August 1991 in the position of Bus Operator.

7. For the duration of Plaintiff's employment with Defendant, including from August 1991 through the present date, Plaintiff has been a member of the Seventh Day Adventist Church ("SDA Church"). The Seventh Day Adventist Church is a Christian denomination which distinguishes itself by observance of the Sabbath on Saturday.

Pursuant to their beliefs, in order to keep the weekly Sabbath holy, Adventists abstain from secular work from sun-down on Friday through sun-down on Saturday ("Sabbath Hours"). They will also usually refrain from purely secular forms of recreation, such as competitive sport and watching non-religious programs on television.

8. At the commencement of his employment, Plaintiff spoke with his supervisor, Ida Woods, and requested a religious accommodation whereby he would not be assigned a Friday shift that ended after sun-down. Ms. Woods granted Plaintiff's request by altering his Friday work schedule during the winter months to only assign him shifts that finished by 5:00 p.m.

9. In September 1994, Plaintiff was promoted to the position of Shift Supervisor. The standard schedule for Shift Supervisors was 10:30 a.m. to 7:30 p.m.

10. In keeping with his religious faith, Plaintiff spoke to his supervisor, Lucille Green, and requested that Defendant grant him a religious accommodation by altering his Friday shift schedule during the winter months to 8:00 a.m. to 5:00 p.m. As Ms. Woods had done before, Ms. Green granted Plaintiff's request and changed his Friday schedule during the winter months to 8:00 a.m. to 5:00 p.m.

11. In 1997, Plaintiff was promoted to the position of Terminal Manager. During Plaintiff's time as Terminal Manager, Defendant continued to permit Plaintiff to conclude his Friday work schedule before sun-down.

12. In one instance during his time as Terminal Manager, Plaintiff was asked by Defendant's Director of Transportation, Ruben Parker, to work late on a Friday or to come in on a Saturday to perform various job duties. Plaintiff advised Mr. Parker that

Defendant had been accommodating his religious beliefs by not scheduling him during Sabbath Hours. Plaintiff further provided Mr. Parker with a letter from the SDA Church, confirming his position as a legitimate member of the SDA Church. Consequently, Mr. Parker rescinded his request that Plaintiff work during Sabbath Hours.

13. In June 2017, Plaintiff retired from employment with Defendant.

14. In July 2018, Plaintiff applied for re-employment with Defendant, and Defendant hired him to the position of Afternoon Shift Supervisor at the North Terminal.

15. The standard work schedule for Afternoon Shift Supervisor is 10:30 a.m. to 7:30 p.m. Consequently, on August 1, 2018, Plaintiff asked his manager, Bloneva Fulmore, for approval to work from 8:00 a.m. to 5:00 p.m. on Fridays during the winter months to accommodate Plaintiff's religious practices. Ms. Fulmore granted this request.

16. Despite initially granting his religious accommodation request, Ms. Fulmore notified Plaintiff in late September 2018 that she had spoken with the Task Assign Director of Transportation, Kay Blake, and that Ms. Blake said Plaintiff would need to make a formal request for accommodation to Defendant's Equal Employment Opportunity ("EEO") Office.

17. On October 10, 2018, Plaintiff made a formal request for accommodation to Wladimir Alvarez in Defendant's EEO department, asking that his Friday shift be changed during the winter months so that he would not be required to work during Sabbath Hours.

18. While Plaintiff waited for Defendant's response to his accommodation request, Ms. Fulmore required Plaintiff to use his accrued leave for the Sabbath Hours that overlapped with his original shift schedule.

19. On October 29, 2018, Plaintiff called Mr. Alvarez to request a status update on his religious accommodation request because he had not received a response. Plaintiff was then told that he needed to provide additional documentation to support his request, including a letter from the SDA Church confirming his membership. Plaintiff responded during the call that Defendant already had a letter from the SDA Church, and that had provided him the exact same accommodation for more than two decades.

20. On November 4, 2018, Plaintiff submitted the additional requested documents to Mr. Alvarez. Defendant did not respond until 16 days later, on November 20, 2018, when it denied Plaintiff's request for accommodation.

21. Based on Defendant's denial of Plaintiff's religious accommodation request, Mr. Alvarez advised Plaintiff that he would need to use his accrued paid leave hours if he wanted to leave work before 7:30 p.m. due to his religious beliefs. In other words, Defendant still permitted Plaintiff to refrain from working during Sabbath Hours, but required him to use accrued paid leave for the Sabbath Hours that overlapped with his schedule.

22. In explaining the reason for denying Plaintiff's religious accommodation request, Mr. Alvarez told Plaintiff that when Plaintiff did not work his full scheduled shift, bargaining unit employees in the position of Transportation Specialist were required to cover for him. Mr. Alvarez stated that this created a conflict with labor law requirements

because it resulted in bargaining unit employees supervising other employees in the same bargaining unit.

23. Defendant's explanation for its denial of Plaintiff's religious accommodation request is false, in that Defendant's regular practice is to have Transportation Specialists cover for Shift Supervisors when Shift Supervisors are absent for any reason. Further, Defendant is still permitting Plaintiff to refrain from working during Sabbath Hours, but is simply penalizing him by requiring him to exhaust his accrued leave.

24. Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission and Florida Commission on Human Relations, alleging religious discrimination in violation of Title VII of the Civil Rights Act of 1965 and the FCRA.

25. 180 days have passed since Plaintiff's charges of discrimination were filed. On August 26, 2020, the EEOC issued and mailed a Notice of Right to Sue to Plaintiff.

26. All administrative prerequisites, if any, have been met for each claim brought in this Complaint, and each such claim is timely brought.

## COUNT ONE
**Violation of Title VII (42 U.S.C. §§ 2000e *et seq.*) – Religious Discrimination**

27. Plaintiff incorporates by reference herein and realleges the allegations in Paragraphs 1 through 26 above as though set forth fully herein.

28. Plaintiff is, and at all times relevant herein was, a practicing member of the Seventh-day Adventist Church. Pursuant to his religious beliefs, in order to keep the

weekly Sabbath holy, Plaintiff abstains from secular work from sun-down on Friday through sun-down on Saturday.

29. During his employment with Defendant, Plaintiff made numerous requests, both verbally and in writing, for religious accommodation in scheduling.

30. After granting Plaintiff's accommodation requests for nearly three decades, Defendant denied Plaintiff's accommodation request for a pretextual reason.

31. Because of Plaintiff's religious beliefs, Defendant discriminated against Plaintiff by improperly requiring him to exhaust his accrued leave in order to maintain compliance with his religious beliefs.

32. As a direct and proximate result of Defendant's actions, Plaintiff has suffered and will continue to suffer lost wages, benefits and entitlements, damage to his career and reputation, personal humiliation, mental anguish, and embarrassment justifying an award including, but not limited to, lost benefits and compensatory damages against Defendant.

### COUNT TWO
**Violation of Florida Civil Rights Act (Florida Statutes §§ 760.01 *et seq.*)**
**Religious Discrimination**

33. Plaintiff incorporates by reference herein and realleges the allegations in Paragraphs 1 through 26 above as though set forth fully herein.

34. Plaintiff is, and at all times relevant herein was, a practicing member of the Seventh-day Adventist Church. Pursuant to his religious beliefs, in order to keep the

weekly Sabbath holy, Plaintiff abstains from secular work from sun-down on Friday through sun-down on Saturday.

35. During his employment with Defendant, Plaintiff made numerous requests, both verbally and in writing, for religious accommodation in scheduling.

36. After granting Plaintiff's accommodation requests for nearly three decades, Defendant denied Plaintiff's accommodation request for a pretextual reason.

37. Because of Plaintiff's religious beliefs, Defendant discriminated against Plaintiff by improperly requiring him to exhaust his accrued leave in order to maintain compliance with his religious beliefs.

38. As a direct and proximate result of Defendant's actions, Plaintiff has suffered and will continue to suffer lost wages, benefits and entitlements, damage to his career and reputation, personal humiliation, mental anguish, and embarrassment justifying an award including, but not limited to, lost benefits and compensatory damages.

## COUNT THREE
**Violation of FRFRA (Florida Statutes §§ 761.01 *et seq*.)**

39. Plaintiff incorporates by reference herein and realleges the allegations in Paragraphs 1 through 26 above as though set forth fully herein.

40. Plaintiff is, and at all times relevant herein was, a practicing member of the Seventh-day Adventist Church.  Pursuant to his religious beliefs, in order to keep the weekly Sabbath holy, Plaintiff abstains from secular work from sun-down on Friday through sun-down on Saturday.

41. Defendant's actions, in requiring Plaintiff to exhaust his accrued leave in order to comply with his religious beliefs, placed a substantial burden on Plaintiff's religious beliefs by pressuring him to commit an act in violation of his religion, specifically pressuring Plaintiff to work on his religion's Sabbath.

42. Defendant's actions, in requiring Plaintiff to exhaust his accrued leave in order to comply with his religious beliefs, are not supported by a compelling government interest.

43. As a direct and proximate result of Defendant's violations of the FRFRA, Plaintiff has suffered and will continue to suffer lost benefits and entitlements, damage to his career and reputation, personal humiliation, mental anguish, and embarrassment justifying an award including, but not limited to, lost benefits and compensatory damages against Defendant.

**WHEREFORE**, Plaintiff Fernando Staple respectfully requests that this Honorable Court grant the following relief:

(1) Enter judgment on behalf of Plaintiff against Defendant on all counts;

(2) Award back pay and front pay;

(3) Award Plaintiff compensatory damages against Defendant in amounts to be determined by the jury;

(4) Award Plaintiff reasonable attorneys' fees, court costs, expenses, pre-judgment interest, and post-judgment interest; and

(5) Such other or further relief as the Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial on all claims in this Complaint.

Dated:  November 13, 2020                                    Respectfully Submitted,


                                                                                             */s/ Neil L. Henrichsen*
                                                                                             Neil L. Henrichsen
                                                                                             Fla. Bar No. 0111503
                                                                                             Colin A. Thakkar
                                                                                             Fla. Bar No. 0010242
                                                                                             301 W. Bay Street
                                                                                             Suite 1400
                                                                                             Jacksonville, FL 32202
                                                                                             Phone: (904)381-8183
                                                                                             Fax: (904)381-8191
                                                                                             nhenrichsen@hslawyers.com
                                                                                             cthakkar@hslawyers.com
                                                                                             service@hslawyers.com

                                                                                             Trial Counsel for Plaintiff