UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

|  |  |
|---|---|
| FERNANDO STAPLE, | ) |
| Plaintiff, | ) |
| v. | ) CASE NO.: 0:20-cv-62313 |
| THE SCHOOL BOARD OF BROWARD COUNTY, FLORIDA, | ) |
| Defendant. | ) |

**PLAINTIFF'S FIRST AMENDED COMPLAINT AND
DEMAND FOR JURY TRIAL**

**COMES NOW** the Plaintiff, FERNANDO STAPLE ("Plaintiff"), by and through his undersigned counsel, and pursuant to Fed. R. Civ. P. 15(a)(1)(B), hereby files this First Amended Complaint and Demand for Jury Trial and seeks relief against Defendant, THE SCHOOL BOARD OF BROWARD COUNTY, FLORIDA ("Defendant") for violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"), the Florida Civil Rights Act of 1992, Florida Statutes §§ 760.01-760.11 (the "FCRA"), and the Florida Religious Freedom Restoration Act of 1998, Florida Statutes §§ 761.01-761.05 ("FRFRA"). In support thereof, Plaintiff states as follows:

**PARTIES, JURISDICTION AND VENUE**

1.  Plaintiff Fernando Staple, is an adult male who is a citizen of and resides in Lauderhill, Broward County, Florida. At all times relevant herein, Plaintiff has lived in Broward County, Florida.

2. Defendant, The School Board of Broward County, Florida, is the public school district in Broward County, Florida. Broward County Public Schools is the second largest school district in Florida and the sixth largest in the United States of America. Defendant is, and has been, a covered employer within the meaning of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e(b) and the FCRA, at all times relevant to this Complaint

3. Plaintiff was an employee of Defendant within the meaning of 42 U.S.C. §2000e(f) and the FCRA from August 1991 until June 2017, and subsequently from July 2018 to the present date.

4. This Court has jurisdiction over this case pursuant to 28 U.S.C. §1331, 28 U.S.C. §1343, 28 U.S.C. §1367, 42 U.S.C. §2000e(5)(f)(3), and Florida Statutes §§ 760.11 and 761.03-761.04.

5. A substantial part of the acts complained of herein occurred primarily in Broward County, Florida. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c).

## FACTUAL BACKGROUND

6. Plaintiff was hired by Defendant in August 1991 in the position of Bus Operator.

7. For the duration of Plaintiff's employment with Defendant, including from August 1991 through the present date, Plaintiff has been a member of the Seventh Day Adventist Church ("SDA Church"). The Seventh Day Adventist Church is a Christian denomination which distinguishes itself by observance of the Sabbath on Saturday.

2

Pursuant to their beliefs, in order to keep the weekly Sabbath holy, Adventists abstain from secular work from sun-down on Friday through sun-down on Saturday ("Sabbath Hours"). They will also usually refrain from purely secular forms of recreation, such as competitive sport and watching non-religious programs on television.

8. At the commencement of his employment, Plaintiff spoke with his supervisor, Ida Woods, and requested a religious accommodation whereby he would not be assigned a Friday shift that ended after sun-down. Ms. Woods granted Plaintiff's request by altering his Friday work schedule during the winter months to permit him to start work early so that he could leave work prior to sun-down without missing any work hours.

9. In September 1994, Plaintiff was promoted to the position of Shift Supervisor. The standard schedule for Shift Supervisors was 10:30 a.m. to 7:30 p.m.

10. In keeping with his religious faith, Plaintiff spoke to his supervisor, Lucille Green, and requested that Defendant grant him a religious accommodation by altering his Friday shift schedule during the winter months to 8:00 a.m. to 5:00 p.m. As Ms. Woods had done before, Ms. Green granted Plaintiff's request and changed his Friday schedule during the winter months to 8:00 a.m. to 5:00 p.m.

11. By assigning Plaintiff a full work schedule outside of Sabbath Hours, and assigning other employees to perform the duties and responsibilities of Plaintiff's position during Sabbath Hours, Defendant was able to implement Plaintiff's accommodation request without requiring him to use accrued leave during Sabbath Hours.

12. In 1997, Plaintiff was promoted to the position of Terminal Manager. During Plaintiff's time as Terminal Manager, Defendant continued to permit Plaintiff to work his full schedule outside of Sabbath Hours.

13. In one instance during his time as Terminal Manager, Plaintiff was asked by Defendant's Director of Transportation, Ruben Parker, to work late on a Friday or to come in on a Saturday to perform various job duties. Plaintiff advised Mr. Parker that Defendant had been accommodating his religious beliefs by not scheduling him during Sabbath Hours. Plaintiff further provided Mr. Parker with a letter from the SDA Church, confirming his position as a legitimate member of the SDA Church. Consequently, Mr. Parker rescinded his request that Plaintiff work during Sabbath Hours.

14. In June 2017, Plaintiff retired from employment with Defendant.

15. In July 2018, Plaintiff applied for re-employment with Defendant, and Defendant hired him to the position of Afternoon Shift Supervisor at the North Terminal.

16. The standard work schedule for Afternoon Shift Supervisor is 10:30 a.m. to 7:30 p.m. Consequently, on August 1, 2018, Plaintiff asked his manager, Bloneva Fulmore, for approval to work from 8:00 a.m. to 5:00 p.m. on Fridays during the winter months to accommodate Plaintiff's religious practices, as Defendant had previously done. Ms. Fulmore granted this request, and Plaintiff continued his practice of working his full schedule without having to work during Sabbath Hours.

17. Despite initially granting his religious accommodation request, Ms. Fulmore notified Plaintiff in late September 2018 that she had spoken with the Task Assign Director of Transportation, Kay Blake, and that Ms. Blake said Plaintiff would need to

make a formal request for accommodation to Defendant's Equal Employment Opportunity ("EEO") Office.

18. On October 10, 2018, Plaintiff made a formal request for accommodation to Wladimir Alvarez in Defendant's EEO department, asking that his Friday shift be changed during the winter months so that he would not be required to work during Sabbath Hours.

19. While Plaintiff waited for Defendant's response to his accommodation request, Ms. Fulmore required Plaintiff to use his accrued leave for the Sabbath Hours that overlapped with his original shift schedule.

20. On October 29, 2018, Plaintiff called Mr. Alvarez to request a status update on his religious accommodation request because he had not received a response. Plaintiff was then told that he needed to provide additional documentation to support his request, including a letter from the SDA Church confirming his membership. Plaintiff responded during the call that Defendant already had a letter from the SDA Church, and that Defendant had provided him the exact same accommodation for more than two decades.

21. On November 4, 2018, Plaintiff submitted the additional requested documents to Mr. Alvarez. Defendant did not respond until 16 days later, on November 20, 2018, when it denied Plaintiff's request for accommodation.

22. Based on Defendant's denial of Plaintiff's religious accommodation request, Mr. Alvarez advised Plaintiff that he would need to use his accrued paid leave hours if he wanted to leave work before 7:30 p.m. due to his religious beliefs. In other words, Defendant still permitted Plaintiff to refrain from working during Sabbath Hours,

5

but required him to use accrued paid leave for the Sabbath Hours that overlapped with his schedule.

23. In explaining the reason for denying Plaintiff's religious accommodation request, Mr. Alvarez told Plaintiff that when Plaintiff did not work his full scheduled shift, bargaining unit employees in the position of Transportation Specialist were required to cover for him. Mr. Alvarez stated that this created a conflict with labor law requirements because it resulted in bargaining unit employees supervising other employees in the same bargaining unit.

24. Defendant's explanation for its denial of Plaintiff's religious accommodation request is false, in that Defendant's regular practice is to have Transportation Specialists cover for Shift Supervisors when Shift Supervisors are absent for any reason. Defendant still assigns Transportation Specialists to perform the duties and responsibilities of Plaintiff's position during Sabbath Hours, and still permits Plaintiff to refrain from working during Sabbath Hours, but is simply penalizing him by requiring him to exhaust his accrued leave.

25. By requiring Plaintiff to exhaust his accrued paid leave during Sabbath Hours despite its ability to assign Plaintiff a full work schedule during non-Sabbath Hours, Defendant has denied Plaintiff material benefits of his position.

26. Further, Defendant's paid leave policy does not allow for the accrual of sufficient hours to cover Plaintiff's Sabbath Hours without rendering him virtually unable to use his leave bank as it was intended, which is to cover sick leave and vacation leave. As such, Defendant's denial of Plaintiff's accommodation request forces Plaintiff to choose

between honoring his religious leave requirements and taking leave for sickness or vacation.

27.     Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission and Florida Commission on Human Relations, alleging religious discrimination in violation of Title VII of the Civil Rights Act of 1965 and the FCRA.

28.     180 days have passed since Plaintiff's charges of discrimination were filed. On August 26, 2020, the EEOC issued and mailed a Notice of Right to Sue to Plaintiff.

29.     All administrative prerequisites, if any, have been met for each claim brought in this Complaint, and each such claim is timely brought.

## COUNT ONE
**Violation of Title VII (42 U.S.C. §§ 2000e *et seq.*) – Religious Discrimination**

30.     Plaintiff incorporates by reference herein and realleges the allegations in Paragraphs 1 through 29 above as though set forth fully herein.

31.     Plaintiff is, and at all times relevant herein was, a practicing member of the Seventh-day Adventist Church.  Pursuant to his religious beliefs, in order to keep the weekly Sabbath holy, Plaintiff abstains from secular work from sun-down on Friday through sun-down on Saturday.

32.     During his employment with Defendant, Plaintiff made numerous requests, both verbally and in writing, for religious accommodation in scheduling.

33.     After granting Plaintiff's accommodation requests for nearly three decades, Defendant denied Plaintiff's accommodation request for a pretextual reason.

7

34. Because of Plaintiff's religious beliefs, Defendant discriminated against Plaintiff by improperly reducing his accrued paid leave to account for Sabbath Hours, and by limiting Plaintiff's observance of Sabbath Hours to the number of accrued hours in his paid leave bank, even though Defendant was able to assign Plaintiff a full work schedule during non-Sabbath Hours and assign the duties and responsibilities of Plaintiff's position to other employees during Sabbath Hours.

35. As a direct and proximate result of Defendant's actions, Plaintiff has suffered and will continue to suffer lost benefits and entitlements, damage to his career and reputation, personal humiliation, mental anguish, and embarrassment justifying an award including, but not limited to, lost benefits and compensatory damages against Defendant.

**COUNT TWO**
**Violation of Florida Civil Rights Act (Florida Statutes §§ 760.01 *et seq.*)**
**Religious Discrimination**

36. Plaintiff incorporates by reference herein and realleges the allegations in Paragraphs 1 through 26 above as though set forth fully herein.

37. Plaintiff is, and at all times relevant herein was, a practicing member of the Seventh-day Adventist Church. Pursuant to his religious beliefs, in order to keep the weekly Sabbath holy, Plaintiff abstains from secular work from sun-down on Friday through sun-down on Saturday.

38. During his employment with Defendant, Plaintiff made numerous requests, both verbally and in writing, for religious accommodation in scheduling.

8

39. After granting Plaintiff's accommodation requests for nearly three decades, Defendant denied Plaintiff's accommodation request for a pretextual reason.

40. Because of Plaintiff's religious beliefs, Defendant discriminated against Plaintiff by improperly reducing his accrued paid leave to account for Sabbath Hours, and by limiting Plaintiff's observance of Sabbath Hours to the number of accrued hours in his paid leave bank, even though Defendant was able to assign Plaintiff a full work schedule during non-Sabbath Hours and assign the duties and responsibilities of Plaintiff's position to other employees during Sabbath Hours.

41. As a direct and proximate result of Defendant's actions, Plaintiff has suffered and will continue to suffer lost benefits and entitlements, damage to his career and reputation, personal humiliation, mental anguish, and embarrassment justifying an award including, but not limited to, lost benefits and compensatory damages.

## COUNT THREE
### Violation of FRFRA (Florida Statutes §§ 761.01 *et seq.*)

42. Plaintiff incorporates by reference herein and realleges the allegations in Paragraphs 1 through 29 above as though set forth fully herein.

43. Plaintiff is, and at all times relevant herein was, a practicing member of the Seventh-day Adventist Church. Pursuant to his religious beliefs, in order to keep the weekly Sabbath holy, Plaintiff abstains from secular work from sun-down on Friday through sun-down on Saturday.

44. Defendant's actions, in requiring Plaintiff to exhaust his accrued leave in order to comply with his religious beliefs, as well as in limiting Plaintiff's observance of

9

Sabbath Hours to the number of accrued hours in his paid leave bank, placed a substantial burden on Plaintiff's religious beliefs by pressuring him to commit an act in violation of his religion, specifically pressuring Plaintiff to work on his religion's Sabbath.

45. Defendant's actions, in requiring Plaintiff to exhaust his accrued leave in order to comply with his religious beliefs, as well as in limiting Plaintiff's observance of Sabbath Hours to the number of accrued hours in his paid leave bank, are not supported by a compelling government interest.

46. As a direct and proximate result of Defendant's violations of the FRFRA, Plaintiff has suffered and will continue to suffer lost benefits and entitlements, damage to his career and reputation, personal humiliation, mental anguish, and embarrassment justifying an award including, but not limited to, declaratory and injunctive relief against Defendant.

**WHEREFORE**, Plaintiff Fernando Staple respectfully requests that this Honorable Court grant the following relief:

(1) Enter judgment on behalf of Plaintiff against Defendant on all counts;

(2) Award lost benefits in the amount of the paid leave hours Plaintiff was required to exhaust to account for Sabbath Hours;

(3) Award Plaintiff compensatory damages against Defendant in amounts to be determined by the jury;

(4) Award Plaintiff reasonable attorneys' fees, court costs, expenses, pre-judgment interest, and post-judgment interest;

(5)  Issue a declaratory judgment confirming that Defendant is obligated to refrain from scheduling Plaintiff during Sabbath Hours or reducing Plaintiff's accrued paid leave to account for Sabbath Hours.

(6)  Issue a permanent injunction against Defendant, enjoining Defendant from conditioning Plaintiff's observance of Sabbath Hours on the exhaustion of accrued paid leave; and

(7)  Such other or further relief as the Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial on all claims in this Complaint.

Dated:  January 4, 2020                                         Respectfully Submitted,


                                                                                        */s/ Neil L. Henrichsen*
                                                                                        Neil L. Henrichsen
                                                                                        Fla. Bar No. 0111503
                                                                                        Colin A. Thakkar
                                                                                        Fla. Bar No. 0010242
                                                                                        301 W. Bay Street
                                                                                        Suite 1400
                                                                                        Jacksonville, FL 32202
                                                                                        Phone: (904)381-8183
                                                                                        Fax: (904)381-8191
                                                                                        nhenrichsen@hslawyers.com
                                                                                        cthakkar@hslawyers.com
                                                                                        service@hslawyers.com

                                                                                        Trial Counsel for Plaintiff

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY on this 4th day of January 2021, a true and correct copy of the foregoing document was presented for filing and uploading to the Clerk of Court using CM/ECF, which will automatically send e-mail notification of such filing to the Counsel of record:

| |
|---|
| Michael T. Burke<br>JOHNSON, ANSELMO, MURDOCH, BURKE, PIPER, & HOCHMAN, P.A.<br>2455 East Sunrise Boulevard, Ste. 1000<br>Fort Lauderdale, FL 33304<br>T: 954.463.0100 |
| *Counsel for School Board of Broward County* |

*s/ Colin A. Thakkar*
Colin A. Thakkar